

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**November 10, 2025 17:43**

By: KEVIN MARK GROSS 0097343

Confirmation Nbr. 3671045

ANTHONY DATTILO                          CV 25 127931

    vs.

JOHN MAJOY, ET AL.                       **Judge:**  BRENDAN J. SHEEHAN

**Pages Filed:**  6

# IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | |
|---|---|
| ANTHONY DATTILO<br>c/o Zipkin Whiting Co., L.P.A.<br>3637 Green Road<br>Beachwood, Ohio 44122<br><br>   Plaintiff,<br><br>  v.<br><br>JOHN MAJOY<br>*Individually and in His Capacity as*<br>*Chief of Police, Village of Newburgh*<br>*Heights*<br>3801 Harvard Avenue<br>Newburgh Heights, OH 44105<br><br>   *and*<br><br>TREVOR ELKINS<br>*Individually and in His Capacity as*<br>*Mayor, Village of Newburgh Heights*<br>3801 Harvard Avenue<br>Newburgh Heights, OH 44105<br><br>   *and*<br><br>MICHAEL MARNIELLA<br>*Individually and in His Capacity as*<br>*Lieutenant, Village of Newburgh*<br>*Heights*<br>3801 Harvard Avenue<br>Newburgh Heights, OH 44105<br><br>   Defendants. | CASE NO. _____<br><br><br>JUDGE _____<br><br><br>**COMPLAINT**<br><br><br>**JURY DEMAND ENDORSED**<br>**HEREON** |

Now comes the Plaintiff, Anthony Dattilo, by and through undersigned counsel, and for his Complaint against the Defendants, John Majoy, Trevor Elkins, and Michael Marniella ("Defendants"), hereby states and avers the following:

## COUNT ONE:
## OHIO COMMON LAW MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

1. Upon an arrest warrant executed and returned, Plaintiff Dattilo appeared in Garfield Heights Municipal Court on October 18, 2024, on felony and misdemeanor charges instituted by the Defendants.

2. Defendants Chief Majoy, Mayor Elkins, and Lieutenant Marniella had charged Dattilo with Intimidation, in violation of R.C. 2921.04(B)(1), a felony of the third degree; Possessing Criminal Tools, in violation of R.C. 2923.24(A), a felony of the fifth degree; and Aggravated Menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree. (*See* Garfield Mun. Nos. CRA-2401553 and CRB-2401554; *see also* October 18, 2024 Magistrate Decision, filed in CRA-2401553-A.)

3. Elkins was the alleged victim of all the crimes charged.

4. Dattilo was held without bond and remanded to Cuyahoga County jail.

5. Dattilo spent ten days in the Cuyahoga County jail.

6. Following his jail stint, Dattilo was on house arrest with GPS monitoring for weeks.

7. On November 14, 2024, Administrative Judge Brendan J. Sheehan issued a Journal Entry granting the Cuyahoga County Prosecutor's Office motion to terminate charges. (*See* Cuyahoga C.P. No. CR-24-696377.)

8. The criminal proceedings initiated and/or caused to be initiated by the Defendants were terminated in favor of the accused, Dattilo.

9. In his Journal Entry, Judge Sheehan stated, "This case is being returned to the municipal court because the evidence indicates it is a misdemeanor."

10. Defendants also had Dattilo charged with Menacing by Stalking, in violation of R.C. 2903.211(A)(1), a felony of the fourth degree.

11. Elkins was the alleged victim of the crime.

12. On November 13, 2024, less than a month after Dattilo was charged on October 21, 2024, Judge Timothy J. McGinty issued a Journal Entry dismissing the Menacing by Stalking felony charge against Dattilo and terminating GPS monitoring. (*See* Cuyahoga C.P. No. CR-24-696315.)

13. The criminal proceeding was terminated in favor of the accused, Dattilo.

14. Defendants acted with malice in instituting and continuing the criminal prosecutions of Dattilo because they lacked probable cause to support the felony and misdemeanor charges, all of which were quickly dismissed in Dattilo's favor, but not before he incurred attorneys' fees and other economic and noneconomic damages.

15. Defendants cannot articulate any probable cause.

16. Defendants acted maliciously, in bad faith, wantonly, and/or recklessly, thereby abrogating any immunity under R.C. 2744.03(A)(6)(b).

17. Jurisdiction is appropriate in the State of Ohio because all wrongful acts alleged herein were committed in Ohio.

18. Venue is proper in Cuyahoga County because all wrongful acts alleged herein were committed in Cuyahoga County, Ohio.

19.     Dattilo has suffered direct and proximate economic and non-economic damages as a result of the Defendants' malicious prosecution of him.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anthony Dattilo respectfully requests that the Court grant him judgment, jointly and severally, against Defendants John Majoy, Trevor Elkins, and Michael Marniella on all Counts as follows:

A.     That the Court award Plaintiff compensatory damages in excess of $25,000 for the losses he sustained, including but not limited to, emotional distress, loss of enjoyment of life, pain and suffering, legal fees, and lost wages, as a result of the Defendants' unlawful conduct;

B.     That the Court award Plaintiff punitive damages in excess of $25,000 for Defendants' intentional, malicious prosecution, and reckless and/or wanton conduct, which was committed in blatant disregard of Plaintiff's rights, feelings, safety, and privileges;

C.     That the Court award Plaintiff attorney's fees, costs, and pre- and post-judgment interest as to all counts at the current statutory rate; and

D.     That the Court award Plaintiff such other and further relief as may be just, equitable, and in furtherance of the public interest.

Respectfully submitted,

/s/ Kevin M. Gross
Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)
ZIPKIN WHITING CO., L.P.A.
3637 Green Road
Beachwood, Ohio 44122
Phone: (216) 514-6400
Fax: (216) 514-6406
Email: lawsmatter2@gmail.com
kgross@zipkinwhiting.com

*Counsel for Plaintiff Anthony Dattilo*

## <u>JURY DEMAND</u>

Plaintiff Anthony Dattilo hereby demands a trial by jury as to all issues raised by each Count of the Complaint with the maximum number of jurors permitted by law.

/s/ Kevin M. Gross

Lewis A. Zipkin, Esq. (0030688)
Kevin M. Gross, Esq. (0097343)

*Counsel for Plaintiff Anthony Dattilo*

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>ANTHONY DATTILO</u>
**Plaintiff**

V.

<u>JOHN MAJOY, ET AL.</u>
**Defendant**

**CASE NO.** CV25127931

**JUDGE** BRENDAN J SHEEHAN

# SUMMONS   SUMC  CM

**Notice ID:** 58704908



| From: | ANTHONY DATTILO | P1 |
| | 3637 GREEN RD | |
| | BEACHWOOD OH 44124 | |

| Atty.: | KEVIN MARK GROSS | |
| | 3637 GREEN RD. | |
| | BEACHWOOD, OH 44122-0000 | |

| To: | JOHN MAJOY | D1 |
| | 3801 HARVARD AVE | |
| | NEWBURGH HEIGHTS OH 44105 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>11/13/2025</u>

By_____
**Deputy**

CMSN130

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

ANTHONY DATTILO
**Plaintiff**

V.

JOHN MAJOY, ET AL.
**Defendant**

**CASE NO.** CV25127931

**JUDGE** BRENDAN J SHEEHAN

# SUMMONS  SUMC  CM

**Notice ID:** 58704909

| From: | ANTHONY DATTILO | P1 |
|---|---|---|
| | 3637 GREEN RD | |
| | BEACHWOOD OH 44124 | |

| Atty.: | KEVIN MARK GROSS |
|---|---|
| | 3637 GREEN RD. |
| | BEACHWOOD, OH 44122-0000 |

| To: | TREVOR ELKINS | D2 |
|---|---|---|
| | 3801 HARVARD AVE | |
| | NEWBURGH HEIGHTS OH 44105 | |

## NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 11/13/2025

**By**_____
**Deputy**

CMSN130

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO
Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

ANTHONY DATTILO
**Plaintiff**

V.

JOHN MAJOY, ET AL.
**Defendant**

**CASE NO.** CV25127931

**JUDGE** BRENDAN J SHEEHAN

# SUMMONS  SUMC  CM

**Notice ID:** 58704910

| From: | ANTHONY DATTILO<br>3637 GREEN RD<br>BEACHWOOD OH 44124 | P1 |
|---|---|---|

| Atty.: | KEVIN MARK GROSS<br>3637 GREEN RD.<br>BEACHWOOD, OH 44122-0000 |
|---|---|

| To: | MICHAEL MARNIELLA<br>3801 HARVARD AVE<br>NEWBURGH HEIGHTS OH 44105 | D3 |
|---|---|---|

## NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.gov/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 11/13/2025

**By**_____
**Deputy**

CMSN130



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF**
**December 15, 2025 17:47**

By: KEVIN MARK GROSS 0097343

Confirmation Nbr. 3703472

ANTHONY DATTILO                                    CV 25 127931

    vs.

JOHN MAJOY, ET AL.                        **Judge:** BRENDAN J. SHEEHAN

**Pages Filed:** 2

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| ANTHONY DATTILO, | ) | CASE NO. CV-25-127931 |
| | ) | |
| Plaintiff, | ) | JUDGE BRENDAN J. SHEEHAN |
| | ) | |
| v. | ) | **NOTICE THAT DEFENDANTS'** |
| | ) | **MOTION FOR LEAVE TO PLEAD IS** |
| JOHN MAJOY, *et al.*, | ) | **UNOPPOSED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes Plaintiff Anthony Dattilo, by and through undersigned counsel, and hereby gives notice that Defendants' Motion for Leave to Plead, filed on December 15, 2025, is unopposed. Plaintiff's counsel routinely stipulates to requests for leave to plead but was unable to respond to Defendants' counsel's December 15, 2025, email before the filing was docketed due to a deposition conducted that day.

Respectfully submitted,

/s/ Kevin M. Gross
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
P: (216) 514-6400 F: (216) 514-6404
Email: lawsmatter2@gmail.com
        kgross@zipkinwhiting.com

*Counsel for Plaintiff Anthony Dattilo*

## CERTIFICATE OF SERVICE

A true and correct copy of the *Notice that Defendants' Motion for Leave to Plead is Unopposed* was served via the Court's CM/ECF system on December 15, 2025, upon all parties and counsel of record.

Respectfully submitted,

/s/ Kevin M. Gross
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)

*Counsel for Plaintiff Anthony Dattilo*



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

NOTICE OF
**December 15, 2025 17:47**

By: KEVIN MARK GROSS 0097343

Confirmation Nbr. 3703472

ANTHONY DATTILO                                    CV 25 127931

vs.
                                                   **Judge:** BRENDAN J. SHEEHAN
JOHN MAJOY, ET AL.

**Pages Filed:** 2

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| ANTHONY DATTILO, | ) | CASE NO. CV-25-127931 |
| | ) | |
| Plaintiff, | ) | JUDGE BRENDAN J. SHEEHAN |
| | ) | |
| v. | ) | **NOTICE THAT DEFENDANTS'** |
| | ) | **MOTION FOR LEAVE TO PLEAD IS** |
| JOHN MAJOY, *et al.*, | ) | **UNOPPOSED** |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now comes Plaintiff Anthony Dattilo, by and through undersigned counsel, and hereby gives notice that Defendants' Motion for Leave to Plead, filed on December 15, 2025, is unopposed. Plaintiff's counsel routinely stipulates to requests for leave to plead but was unable to respond to Defendants' counsel's December 15, 2025, email before the filing was docketed due to a deposition conducted that day.

Respectfully submitted,

/s/ Kevin M. Gross
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
P: (216) 514-6400 F: (216) 514-6404
Email: lawsmatter2@gmail.com
        kgross@zipkinwhiting.com

*Counsel for Plaintiff Anthony Dattilo*

## CERTIFICATE OF SERVICE

A true and correct copy of the *Notice that Defendants' Motion for Leave to Plead is Unopposed* was served via the Court's CM/ECF system on December 15, 2025, upon all parties and counsel of record.

Respectfully submitted,

/s/ Kevin M. Gross

Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)

*Counsel for Plaintiff Anthony Dattilo*



206609307

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANTHONY DATTILO
    Plaintiff

Case No: CV-25-127931

Judge: BRENDAN J SHEEHAN

JOHN MAJOY, ET AL.
    Defendant

## <u>JOURNAL ENTRY</u>

MOTION FOR LEAVE TO PLEAD 12/15/2025, IS GRANTED.

_____
    Judge Signature              01/07/2026

01/07/2026



206705559

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANTHONY DATTILO
    Plaintiff

Case No: CV-25-127931

Judge: BRENDAN J SHEEHAN

JOHN MAJOY, ET AL.
    Defendant

## **JOURNAL ENTRY**

95 DISP. TRANSJG - FINAL, 02 RE-ASSIGNED

CAPTIONED CASE BEING ORIGINALLY ASSIGNED TO JUDGE BRENDAN J SHEEHAN (356) AND FOR GOOD CAUSE SHOWN, THIS MATTER IS HEREBY REASSIGNED AND TRANSFERRED TO THE DOCKET OF JUDGE JEFFREY P SAFFOLD (384) FOR FURTHER PROCEEDINGS ACCORDING TO LAW.

ADMINISTRATIVE JUDGE
MICHAEL P SHAUGHNESSY

_____

    Judge Signature          01/08/2026

TRAN - 02
01/08/2026

RECEIVED FOR FILING
01/08/2026 17:10:11
NAILAH K. BYRD, CLERK

**Motion No.** <u>5313296</u>



## NAILAH K. BYRD
## CUYAHOGA COUNTY CLERK OF COURTS
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

### MOTION TO DISMISS
### January 16, 2026 17:02

By: JILLIAN L. DINEHART 0086993

Confirmation Nbr. 3732482

ANTHONY DATTILO

vs.

JOHN MAJOY, ET AL.

CV 25 127931

**Judge:**  JEFFREY P. SAFFOLD

**Pages Filed:**  13

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY DATTILO, | ) | CASE NO. CV-25-127931 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY P. SAFFOLD |
| | ) | |
| v. | ) | **DEFENDANT TREVOR ELKINS'** |
| | ) | **MOTION TO DISMISS** |
| JOHN MAJOY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COME Defendants, John Majoy, Trevor Elkins and Michael Marniella, by and through undersigned counsel, and hereby moves this Honorable Court for a dismissal as Plaintiff has failed to plead sufficient facts upon which relief can be granted or to overcome the presumed immunity afforded to employees of a political subdivision.  In addition, Trevor Elkins is entitled to informer immunity in his personal capacity. As such, Plaintiff's Complaint against Defendants, in their official and individual capacities, fails on its face and must be dismissed. As more fully addressed in the attached brief in support, incorporated herein, Defendants John Majoy, Trevor Elkins and Michael Marniella respectfully request this Court grant their Motion to Dismiss.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By: _____
JILLIAN L. DINEHART (0086993)
EVAN N. ADEEN (0103171)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3823
Fax:  (216) 344-9006
Email:  jldinehart@mdwcg.com
          enadeen@mdwcg.com
*Counsel for Defendants*

**BRIEF IN SUPPORT**

### I.      STATEMENT OF THE CASE

On November 18, 2025, Plaintiff filed a single-count Complaint against Defendants in their personal and official capacities. Plaintiff has brought a claim for common-law malicious prosecution, alleging that Defendants charged Plaintiff with various crimes without probable cause. Plaintiff's Complaint is insufficient to overcome the presumed immunity afforded to Defendants under R.C. § 2744.02 and § 2744.03 and informer immunity afforded to Mr. Elkins as the victim of the charges previously filed against Plaintiff.

Defendants are all employees of the Village of Newburgh Heights. John Majoy is the Chief of Police, Michael Marniella is a police lieutenant, and Trevor Elkins is the Mayor. Compl. at ¶ 2.  Mayor Elkins was also the victim of the charged crimes.  Id. at ¶¶ 3, 11.  Plaintiff alleges that these Defendants arrested and brought charges against him in their official roles for Newburgh Heights, as well as acted under the color of state law in their personal interest.

### II.     LAW AND ARGUMENT
#### A.  STANDARD OF REVIEW

Ohio Civil Rule 12(B)(6) provides that every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (6) failure to state a claim upon which relief can be granted.

In order for a trial court to dismiss a complaint under Civ.R. 12(B)(6) for failure to state a

2

claim upon which relief may be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his or her clam that would entitle the plaintiff to relief. *Dabney v. Metro Appraisal Group, Inc.,* 2018-Ohio-4601, ¶15 (8th Dist.); citing *Doe v. Archdiocese of Cincinnati,* 2006-Ohio-2625, ¶11. In resolving a Civ.R. 12(B)(6) motion, a court's factual review is confined to the four corners of the complaint. *Id.,* citing *McKee v. Univ. Circle, Inc.,* 2015-Ohio-2953, ¶12 (8th Dist.).

## B. DEFENDANTS ARE ENTITLED TO IMMUNITY UNDER R.C. §2744.02

Defendants are entitled to immunity in both their official and individual capacities. Under R.C. § 2744.02, political subdivisions and their employees are entitled to a presumption of immunity. To overcome the presumption of immunity, a plaintiff must allege specific facts demonstrating that an exception applies. For actions against an employee in their official capacity, the analysis to determine immunity is the same analysis used to determine immunity for political subdivisions. See *Foster v. Board of Education of Toledo City School District,* 2025-Ohio-1769 (6th Dist.), quoting *Lambert v. Clancy,* 2010-Ohio-1483, ¶22.[1]. Therefore, Plaintiff must demonstrate an exception to immunity under § 2744.02(B) to overcome the immunity afforded to Defendants in their official capacities.

Plaintiff does not state any facts that could possibly invoke an exception under § 2744.02(B). R.C. § 2744.02(B) provides exceptions for the injury, death, or loss to a person or property:

> (1) caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of

---

[1] See also *Rural Building of Cincinnati, LLC v. Mercer,* 2017-Ohio-7226 (1st Dist.) ("a suit against a political-subdivision employee in his or her official capacity is treated the same as a suit against the political subdivision itself, and a three-tiered analysis applies."); *Parra v. Jackson,* 2021-Ohio-1188 (8th Dist.) ("where a named defendant officer of a political subdivision is sued in his or her official capacity, R.C. 2744.02 applies; where the employee is sued in his or her personal capacity, R.C. 2744.03(A)(6) applies.")

3

their employment and authority;

(2) caused by the negligent performance of acts by their employees with respect to proprietary functions of the political subdivisions;

(3) caused by their negligent failure to keep public roads in repair and other negligent failure to remove obstructions from public roads;

(4) caused by the negligence of their employees and that occurs within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function;

(5) when civil liability is expressly imposed upon the political subdivision by a section of the Revised Code;

In *Harris v. Sutton*, plaintiff brought a malicious prosecution claim against the city of East Cleveland and its police department. The Eighth District specifically analyzed whether the city was entitled to immunity. The court found that plaintiff failed to demonstrate an exception to the presumed immunity, stating that "the first four of the five exceptions under R.C. 2744.02(B) do not involve intentional torts and therefore do not apply. Furthermore, for the fifth and final exception to apply, [plaintiff] must be able to identify a statute that expressly imposes liability on political subdivisions for malicious prosecution." *Harris v. Sutton,* 2009-Ohio-4033 ¶ 15 (8th Dist.). The Eighth District specifically noted that "the Ohio Revised Code does not expressly impose liability upon a political subdivision for malicious prosecution" and granted immunity to the City. *Id.*, citing *Gr,jfits v. Newburgh Hts.*, 2009-Ohio-493 (8th Dist.). Similarly, Plaintiff has failed to plead any facts that could support any exceptions under § 2744.02(B). Therefore, Defendants are entitled to immunity in their official capacity.

The analysis used to determine immunity for political subdivisions (and employees in their official capacities) is distinct from the analysis used to determine the immunity of an employee in

4

their individual capacity. See *Fisher v. Ahmed*, 2020-Ohio-1196 (9th Dist.); *Parra*, 2021-Ohio-1188. While R.C. § 2744.02(B) provides exceptions to immunity for political subdivisions, R.C. § 2744.03(A)(6) provides exceptions to immunity for employees of a political subdivision in their personal capacity. Those exceptions include: (a) acting outside the scope of employment; (b) malicious, bad faith, or wanton or reckless conduct; or (c) liability imposed by another section of the Revised Code.

Plaintiff attempts to invoke a specific exception to employee immunity for Defendants in their personal capacities by alleging that Defendants "acted maliciously, in bad faith, and/or recklessly, thereby abrogating any immunity under R.C. 2744.03(A)(6)(b)." Compl. at ¶16. This is a bare legal conclusion without any factual support. Conclusory statements in a complaint that are not supported by facts are not afforded the presumption of veracity and are insufficient to withstand a motion to dismiss. *DiGiorgio v. City of Cleveland*, 2011-Ohio-5878, ¶ 41 (8th Dist.); See also *Vagas v. Hudson*, 2009 Ohio 6794, ¶13 (9th Dist), citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 193 (1988). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations" to survive a motion to dismiss. *DiGiorgio, id.* at ¶ 41 citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Conclusory allegations, absent concrete facts showing conduct outside the scope of governmental functions or within a statutory exception, are insufficient to overcome immunity.

Plaintiff fails to allege how Defendants' conduct was malicious, in bad faith, wanton or reckless to satisfy §2744.03(A)(6)(b). Bad faith requires more than bad judgment or negligence. It implies sinister motive and also refers to conduct which has "no reasonable justification." *Hicks v. Lejfler*, 119 Ohio App.3d 424, 429 (10th Dist. 1997). It implies "dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will

5

partaking of the nature of fraud." *State v. Franklin*, 2002 -Ohio- 2370 (2nd Dist.). It also embraces actual intent to mislead or deceive another.  *Kubala v. Smith,* 2023-Ohio-991, ¶¶ 14-17 (11th Dist.). Plaintiff has not plead any motive, sinister or otherwise, and does not cite to any fact that could possibly support these allegations. Simply regurgitating the elements of malicious prosecution is not enough to establish bad faith.

"Wanton misconduct is the failure to exercise any care toward those to whom a duty of care is owed in circumstances in which there is great probability that harm will result." *Anderson v. Massillon*, 2012-Ohio-5711, ¶33. Plaintiff does not allege facts to support an allegation that Defendants did not exercise any care at all, or that there was a great probability of harm caused by their lack of care. Reckless conduct is the "conscious disregard of or indifference to a known or obvious risk of harm to another that is unreasonable under the circumstances and is substantially greater than negligent conduct." *Id.* at ¶34. There are no factual allegations herein to support an allegation of a conscious disregard or similar attitude.

Plaintiff's sole factual allegation is that Defendants "acted maliciously in instituting and continuing prosecution against Plaintiff" simply because they "lacked probable cause." Compl. at ¶14. That is not enough to support a liable mens rea.  It is well-established that "lack of probable cause alone is insufficient for purposes of R.C. § 2744.03(A)(6)(b)." *Holly Kanode v. City of Columbus et al.*, 2025-Ohio-5533 (10th Dist.), referencing *Cooper v. Tommy's Pizza*, 2010-Ohio-2978 (10th Dist.), quoting *Johari v. Columbus Police Department*, 186 F.Supp.2d 821 (S.D. Ohio 2002). Without something more than an alleged lack of probable cause, Plaintiff has not sufficiently demonstrated an immunity exception. See *Tuleta v. Med. Mut. Of Ohio*, 2014-Ohio-396, ¶¶ 36-45 (8th Dist.) In *Tuleta*, a plaintiff brought a malicious prosecution and abuse of process claim against an officer. The officer filed a motion to dismiss which was denied by the trial court.

6

On appeal, the Eighth District found that although the plaintiff set forth the elements of malicious prosecution— alleging that the officer investigated and prosecuted plaintiff's case, acted with malice in doing so, lacked probable cause, and the case was ended in plaintiff's favor— the allegations therein were bare legal conclusions and insufficient to support the elements.

> "Accepting Tuleta's factual allegations as true, Chief McGrath 'investigated, charged, indicted, and prosecuted' Tuleta on six counts of drug possession and one count of aggravated theft. And Tuleta's prosecution ended in his favor. Although Tuleta alleges that Chief McGrath's actions in the case "were made with malice" and that Chief McGrath "instituted and/or continued prosecution" when there was complete lack of probable cause, there are no facts alleged to support these legal conclusions."

*Id., at* ¶ 39. The Eighth District ruled that the malicious prosecution claim against the officer should have been dismissed because the complaint lacked facts to support it or to overcome immunity and demonstrate lack of probable cause. Similarly, Plaintiff's Complaint does not go beyond simply stating the elements of malicious prosecution without any facts to support his legal conclusion that Defendants acted maliciously and without probable cause.

Moreover, despite Plaintiff's allegation that probable cause did not exist, without any supportive facts, probable cause did exist. In his Complaint, Plaintiff references Cuyahoga County Court of Common Pleas Case No. CR-24-696315. See Compl. ¶12. Because Plaintiff references the case, the Court can take judicial notice of the case. See *Macron Investment Company v. Jack Cleveland Casino LLC*, 2025-Ohio-5225 (8th Dist.) ("A court is permitted to take judicial notice of appropriate matters in determining a Civ.R. 12(B)(6) motion without converting it to a motion for summary judgment. This court has recognized that documents attached to or incorporated into the complaint may be considered on a motion to dismiss pursuant to Civ.R. 12(B)(6)." (internal citation omitted)). The grand jury returned an indictment against Plaintiff in Case No. CR-24-

7

696315-A. See Ex A, Original Indictment in Cuyahoga County Court of Common Pleas Case No. CR-24-696315-A (attached pursuant to *Macron Investment Company v. Jack Cleveland Casino, LLC*, 2025-Ohio-5225 (8th Dist.). A return indictment by the grand jury is evidence of probable cause. See *Deoma v. Shaker Heights*, 68 Ohio App.3d 72 (8th Dist. 1990). In *Deoma*, the plaintiff was indicted for forgery and theft. He was later acquitted and brought a malicious prosecution claim against the defendant. The Eighth District found that "[t]he return of an indictment by the grand jury is evidence of probable cause; when an indictment has been returned by the grand jury, the plaintiff has the burden of producing substantial evidence to establish lack of probable cause." *Id*. Evidence to establish lack of probable cause in this situation would include "the return of the indictment resulted from perjured testimony or that the grand jury proceedings were otherwise significantly irregular." *Id*. Ultimately, the plaintiff did not meet his burden in producing such evidence and the malicious prosecution claim against the defendant failed. In the instant case, Plaintiff does not allege that Defendants lied to affect the grand jury proceedings or that the grand jury proceedings were out of the ordinary in any way. This requires a presumption of probable cause unless and until Plaintiff alleges facts to demonstrate a lack of probable cause. For these reasons and the reasons above, Defendants are entitled to immunity in their personal capacities, as well as their official capacities.

### C.  MR. ELKINS IS ENTITLED TO INFORMER IMMUNITY

Even if Defendant Elkins was not entitled to immunity pursuant to R.C. § 2744.03(A)(6), he is entitled to immunity as the victim of the alleged crime.  To succeed on a claim of malicious prosecution, Plaintiff must prove (1) malice in instituting or continuing the prosecution; (2) lack of probable cause; and (3) termination of the prosecution in favor of the accused. See *Ghaster v. Rocky River*, 2013-Ohio-5587 (8th Dist.). Plaintiff has not plead sufficient facts to establish that

8

Mr. Elkins instituted or continued the prosecution against him.

Plaintiff's Complaint states that "Elkins was the alleged victim of all the crimes charged." Compl. at ¶¶3, 11. Plaintiff does not plead that Mr. Elkins had any other role in the prosecution. Because Mr. Elkins is the "alleged victim" of the crimes charged, Mr. Elkins is entitled to victim or informer immunity. A "citizen who serves only as an informer of criminal activity is not regarded as having instituted the criminal proceedings, so as to satisfy the first element of malicious prosecution." *Robbins v. Fry*, 72 Ohio App.3d 360 (3rd Dist. 1991). In *Robbins*, defendant filed a complaint against plaintiff for robbery because he believed plaintiff robbed him while he was employed for defendant's business. Plaintiff was found not guilty and brought a malicious prosecution action against the defendant. The court specifically addressed whether the defendant could be subjected to an action for malicious prosecution, finding that generally, "a citizen who serves only as an informer of criminal activity is not regarded as having instituted the criminal proceedings." *Id*.

While there are exceptions to informer immunity, none apply here. Informer immunity can be lost where an "informer provides false information or the informer demonstrates pressure for criminal proceedings," however, "if an informer merely provides a statement of his belief or criminal activity and leaves the decision to prosecute entirely to the uncontrolled discretion of the prosecutor, (…) the informer is not regarded as having instituted the criminal proceedings." *Id*., citing *Archer v. Cachat*, 165 Ohio St. 286 (1956).

If an informer demonstrates improper pressure for criminal proceedings to be instituted, then a claim for malicious prosecution may become proper. See *Buehner v. City of Cleveland*, 788 F.Supp.3d 827 (N.D.Ohio Jun. 24, 2025) (interpreting Ohio law). In *Buehner,* the court declined to dismiss plaintiff's malicious prosecution claim because plaintiff alleged that the

9

defendant knowingly falsified evidence. Although defendant argued that he was just an informer that led to the prosecution of plaintiff, the court found that the alleged knowing falsification was enough to overcome immunity. *Id.* Here, Plaintiff does not set forth any such allegations. Therefore, the allegations against Mr. Elkins cannot be regarded as having falsely and maliciously instituted criminal proceedings against Plaintiff as required to satisfy the first element of malicious prosecution.

## III. <u>CONCLUSION</u>

Plaintiff's bare legal conclusions are not enough to support an exception to immunity under R.C. §2744.02(B) or §2744.03(A)(6). Plaintiff fails to allege specific facts or conduct to support his contention that Defendants acted with malice in instituting or continuing the prosecution against him. Furthermore, Defendant Trevor Elkins is entitled to informer immunity as the named victim of Plaintiff's charges because the prosecutor had uncontrolled discretion of the case. Defendants John Majoy, Trevor Elkins and Michael Marniella request that this Honorable Court dismiss this matter with prejudice.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By:_____

JILLIAN L. DINEHART (0086993)
EVAN N. ADEEN (0103171)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3823
Fax:  (216) 344-9006
Email: jldinehart@mdwcg.com
         enadeen@mdwcg.com
*Counsel for Defendants*

10

# CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

MARSHALL DENNEHEY P.C.

By:_____

JILLIAN L. DINEHART (0086993)
*Counsel for Defendants*

11

Exhibit A

# Court of Common Pleas
## Criminal Division

| State of Ohio, | | A True Bill Indictment For |
|---|---|---|
| | Plaintiff | **Menacing by Stalking - F4**<br>§2903.211(A)(1) |
| Anthony Dattilo, ✓ VS. | | |
| | Defendant | 1 Additional Count(s) |

| Dates of Offense (on or about) | The Term Of | Case Number |
|---|---|---|
| 11/14/2023 through 7/18/2024 | September 2024, Grand Jury #1 | CR-24-696315 |

The State of Ohio, } SS.
Cuyahoga County }

CR24696315-A      187695549

| Count One | **Menacing by Stalking - F4**<br>§2903.211(A)(1) |
|---|---|
| **Defendants** | Anthony Dattilo |
| **Date of Offense** | On or about November 14, 2023 through July 18, 2024 |

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of the County aforesaid, on their oaths, IN THE NAME AND BY THE AUTHORITY OF THE STATE OF OHIO, do find and present, that the above named Defendant(s), on or about the date of the offense set forth above, in the County of Cuyahoga, unlawfully*

by engaging in a pattern of conduct, did knowingly cause John Doe to believe that Anthony Dattilo would cause physical harm to John Doe or a family or household member of John Doe or cause mental distress to John Doe or a family or household member of John Doe.

FURTHERMORE,
the offender had a history of violence toward the victim or any other person or a history of other violent acts toward the victim or any other person.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

# FILED

OCT 2 1 2024

Clerk of Courts
Cuyahoga County, Ohio

_____
Foreperson of the Grand Jury

*Michael C. O'Malley*
_____
Prosecuting Attorney

Page 1 of 2

Court of Common Pleas                                                A True Bill Indictment

| | |
|---|---|
| **Count Two** | **Telecommunications Harassment - M1**<br>§2917.21(A)(5) |
| **Defendants** | Anthony Dattilo |
| **Date of Offense** | On or about November 14, 2023 through July 18, 2024 |

*The grand jurors, on their oaths, further find that the Defendant(s) unlawfully*

did knowingly make or cause to be made a telecommunication, or knowingly permit a telecommunication to be made from a telecommunications device under the person's control, to another, and the caller made the telecommunication to the recipient of the telecommunication, to another person at the premises to which the telecommunication is made, or to those premises, and the recipient or another person at those premises previously had told the caller not to make a telecommunication to those premises or to any persons at those premises.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

_____
Foreperson of the Grand Jury

_____
Prosecuting Attorney

Electronically Filed 01/16/2026 17:02 / MOTION / CV 25 127931 / Confirmation Nbr. 3732482 / CLMB3



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**AMENDED COMPLAINT $75**
**February 3, 2026 23:38**

By: KEVIN MARK GROSS 0097343

Confirmation Nbr. 3748648

ANTHONY DATTILO

vs.

JOHN MAJOY, ET AL.

CV 25 127931

**Judge:** JEFFREY P. SAFFOLD

**Pages Filed:** 8

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

| | |
|---|---|
| ANTHONY DATTILO<br>c/o Zipkin Whiting Co., L.P.A.<br>3637 Green Road<br>Beachwood, Ohio 44122 | ) CASE NO. CV-25-127931<br>)<br>)<br>) |
| | ) JUDGE JEFFREY P. SAFFOLD |
| Plaintiff, | )<br>) |
| | ) **AMENDED COMPLAINT** |
| v. | )<br>) |
| JOHN MAJOY<br>*Individually and in His Capacity as<br>Chief of Police, Village of Newburgh<br>Heights*<br>3801 Harvard Avenue<br>Newburgh Heights, OH 44105 | ) **JURY DEMAND ENDORSED**<br>) **HEREON**<br>)<br>)<br>)<br>)<br>) |
| *and* | )<br>) |
| TREVOR ELKINS<br>*Individually and in His Capacity as<br>Mayor, Village of Newburgh Heights*<br>3801 Harvard Avenue<br>Newburgh Heights, OH 44105 | )<br>)<br>)<br>)<br>) |
| *and* | )<br>) |
| MICHAEL MARNIELLA<br>*Individually and in His Capacity as<br>Lieutenant, Village of Newburgh<br>Heights*<br>3801 Harvard Avenue<br>Newburgh Heights, OH 44105 | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Now comes the Plaintiff, Anthony Dattilo, by and through undersigned counsel,

and for his Amended Complaint against the Defendants, John Majoy, Trevor Elkins, and

Michael Marniella ("Defendants"), hereby states and avers the following:

## COUNT ONE:
## OHIO COMMON LAW MALICIOUS PROSECUTION
## AGAINST ALL DEFENDANTS

1. Upon an arrest warrant executed and returned, Plaintiff Dattilo appeared in Garfield Heights Municipal Court on October 18, 2024, on felony and misdemeanor charges instituted by the Defendants.

2. Defendants Chief Majoy, Mayor Elkins, and Lieutenant Marniella had charged Dattilo with Intimidation, in violation of R.C. 2921.04(B)(1), a felony of the third degree; Possessing Criminal Tools, in violation of R.C. 2923.24(A), a felony of the fifth degree; and Aggravated Menacing, in violation of R.C. 2903.21(A), a misdemeanor of the first degree. (*See* Garfield Mun. Nos. CRA-2401553 and CRB-2401554; *see also* October 18, 2024 Magistrate Decision, filed in CRA-2401553-A.)

3. Elkins was the alleged victim of all the crimes charged.

4. Dattilo was held without bond and remanded to Cuyahoga County jail.

5. Dattilo spent ten days in the Cuyahoga County jail.

6. Following his jail stint, Dattilo was on house arrest with GPS monitoring for weeks.

7. On November 14, 2024, Administrative Judge Brendan J. Sheehan issued a Journal Entry granting the Cuyahoga County Prosecutor's Office motion to terminate charges. (*See* Cuyahoga C.P. No. CR-24-696377.)

8. The criminal proceedings initiated and/or caused to be initiated by the Defendants were terminated in favor of the accused, Dattilo.

9. In his Journal Entry, Judge Sheehan stated, "This case is being returned to the municipal court because the evidence indicates it is a misdemeanor."

10. Defendants also had Dattilo charged with Menacing by Stalking, in violation of R.C. 2903.211(A)(1), a felony of the fourth degree.

11. Elkins was the alleged victim of the crime.

12. On November 13, 2024, less than a month after Dattilo was charged on October 21, 2024, Judge Timothy J. McGinty issued a Journal Entry dismissing the Menacing by Stalking felony charge against Dattilo and terminating GPS monitoring. (*See* Cuyahoga C.P. No. CR-24-696315.)

13. The criminal proceeding was terminated in favor of the accused, Dattilo.

14. Defendants acted with malice in instituting and continuing the criminal prosecutions of Dattilo because they lacked probable cause to support the felony and misdemeanor charges, all of which were quickly dismissed in Dattilo's favor, but not before he incurred attorneys' fees and other economic and noneconomic damages.

15. Defendants cannot articulate any probable cause.

16. Defendants acted maliciously, in bad faith, wantonly, and/or recklessly, thereby abrogating any immunity under R.C. 2744.03(A)(6)(b).

17. Jurisdiction is appropriate in the State of Ohio because all wrongful acts alleged herein were committed in Ohio.

18. Venue is proper in Cuyahoga County because all wrongful acts alleged herein were committed in Cuyahoga County, Ohio.

19. Dattilo has suffered direct and proximate economic and non-economic damages as a result of the Defendants' malicious prosecution of him.

## COUNT TWO:
## 42 U.SC. § 1983 — FOURTH AMENDMENT
## AGAINST ALL DEFENDANTS

20. Dattilo realleges and reaffirms Paragraphs 1 through 19 as if fully restated herein.

21. Dattilo has a right under the Fourth Amendment to be free from unreasonable searches and seizures.

22. Dattilo's cell phone was seized upon his arrest.

23. A search warrant authorized the search and seizure of any communications between Dattilo and Elkins.

24. Defendants exceeded the scope of the warrant, seizing the entirety of Dattilo's ten-month text message history with an individual named Suzanne Molnar, without probable cause.

25. Such an invasion of privacy was unauthorized and beyond the warrant's lawful authority.

26. Defendants unlawfully searched and seized approximately 2,000 text messages between Dattilo and Molnar.

27. Defendants unlawfully obtained the text messages and used them in civil litigation against Molnar, where Dattilo first discovered the Defendants had the messages.

28. Dattilo did not receive the approximately 2,000 text messages during discovery in any criminal case against him.

29. Dattilo's text messages with Molnar were not a part of any lawful criminal action or investigation.

30. By unlawfully searching and seizing Dattilo's text messages with Molnar, Defendants violated the constitutional rights guaranteed to Dattilo by the Fourth Amendment of the United States Constitution.

31. Defendants' actions were not taken in good-faith and were in violation of clearly established law.

32. Defendants' actions were unnecessary, unreasonable, unlawful, and unjustified.

33. Dattilo has suffered direct and proximate economic and non-economic damages as a result Defendants' actions.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Anthony Dattilo respectfully requests that the Court grant him judgment, jointly and severally, against Defendants, John Majoy, Trevor Elkins, and Michael Marniella, on all Counts as follows:

A. That the Court award Plaintiff compensatory damages on all Counts, economic and noneconomic, in excess of $25,000 for the losses he sustained, including but not limited to, emotional distress, loss of enjoyment of life, pain and suffering, legal fees, and lost wages, as a result of the Defendants' unlawful conduct;

B. That the Court award Plaintiff punitive damages on all Counts in excess of $25,000 for Defendants' intentional, malicious prosecution, and reckless and/or wanton conduct, which was committed in conscious disregard of Plaintiff's rights, feelings, safety, and privileges;

C.      That the Court award Plaintiff attorney's fees, costs, and pre- and post-judgment interest as to all Counts at the current statutory rate; and

D.      That the Court award Plaintiff such other and further relief as may be just, equitable, and in furtherance of the public interest.

Respectfully submitted,

/s/ Kevin M. Gross
_____
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
ZIPKIN WHITING CO., L.P.A.
3637 Green Road
Beachwood, Ohio 44122
Phone: (216) 514-6400
Fax: (216) 514-6406
Email: lawsmatter2@gmail.com
         kgross@zipkinwhiting.com

*Counsel for Plaintijf Anthony Dattilo*

## JURY DEMAND

Plaintiff Anthony Dattilo hereby demands a trial by jury as to all issues raised by each Count of the Amended Complaint with the maximum number of jurors permitted by law.

/s/ Kevin M. Gross
_____
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)

*Counsel for Plaintiff Anthony Dattilo*

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing *Amended Complaint* served via the Court's

CM/ECF system and email on February 3, 2026, upon:

Jillian L. Dinehart, Esq.
Evan N. Adeen, Esq.
MARSHALL DENNEHEY P.C.
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3823
Fax: (216) 344-9006
Email: jldinehart@mdwcg.com
  enadeen@mdwcg.com

*Counsel for Defendants John Majoy,*
*Trevor Elkins, and Michael Marniella*

      /s/ Kevin M. Gross
      ———————————————
      Lewis A. Zipkin (0030688)
      Kevin M. Gross (0097343)

      *Counsel for Plaintiff Anthony Dattilo*



208384323

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANTHONY DATTILO
　　Plaintiff

JOHN MAJOY, ET AL.
　　Defendant

Case No: CV-25-127931

Judge: JEFFREY P SAFFOLD

## JOURNAL ENTRY

CMC BY PHONE SET FOR 03/02/2026 AT 02:15 PM.  ALL PARTIES COUNSELS ARE TO CALL THE CONFERENCE CALL NUMBER 716-427-1108 AND ENTER ACCESS CODE 130004# AT THE SCHEDULED DATE AND TIME.

COUNSEL FOR PLAINTIFF(S) SHALL INFORM ALL OPPOSING COUNSEL AND UNREPRESENTED PARTIES OF THE DATE, TIME AND CONFERENCE CALL DIRECTIONS.

ANY ATTORNEY OR UNREPRESENTED PARTY WHO IS NOT AVAILABLE WILL BE DEEMED TO HAVE WAIVED HIS/HER PARTICIPATION AND TO HAVE ACCEPTED THE CASE SCHEDULING ORDER ESTABLISHED BY THE COURT.

PRIOR TO THE CMC, PARTIES MUST EXCHANGE INITIAL DISCLOSURES PURSUANT TO OHIO CIV. R. 26(B)(3) AND DRAFT A PROPOSED DISCOVERY PLAN PURSUANT TO OHIO CIV. R. 26(F). COUNSEL SHALL FILE WITH THE COURT THE PROPOSED DISCOVERY PLAN AND NOTICE OF INITIAL DISCLOSURES AT LEAST 24 HOURS IN ADVANCE OF THE CMC. IF THE PARTIES ARE UNABLE TO CONFER, PLAINTIFF SHALL PROVIDE EVIDENCE WITH THE COURT OF EFFORTS TO COMPLY WITH THIS ORDER. FAILURE TO DO SO MAY RESULT IN DISMISSAL OF THE CASE WITHOUT PREJUDICE FOR WANT OF PROSECUTION.

FAILURE TO APPEAR AT ANY COURT SCHEDULED EVENT IN THE FUTURE MAY RESULT IN DISMISSAL OF PLAINTIFF'S CLAIMS FOR WANT OF PROSECUTION OR JUDGMENT RENDERED AGAINST DEFENDANT.

IT IS SO ORDERED.

_____
　　Judge Signature　　　　　　　02/11/2026

02/11/2026

**Motion No.** <u>5320814</u>



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**MOTION FOR...**
**February 19, 2026 18:35**

By: JILLIAN L. DINEHART 0086993

Confirmation Nbr. 3764835

| | |
|---|---|
| ANTHONY DATTILO | CV 25 127931 |
| vs. | |
| JOHN MAJOY, ET AL. | **Judge:**  JEFFREY P. SAFFOLD |

**Pages Filed:**  2

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| ANTHONY DATTILO, | ) | CASE NO. CV-25-127931 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY P. SAFFOLD |
| | ) | |
| v. | ) | **DEFENDANTS' MOTION FOR** |
| | ) | **LEAVE TO RESPOND TO AMENDED** |
| JOHN MAJOY, et al., | ) | **COMPLAINT** |
| | ) | |
| Defendants. | ) | |
| | ) | |

NOW COME Defendants, John Majoy, Trevor Elkins and Michael Marniella, by and through undersigned counsel, and hereby moves this Honorable Court for leave to respond to Plaintiff's Amended Complaint.  Undersigned counsel is out of the country and has been unable to finalize a responsive pleading.  As a CMC has not yet been held, Defendants do not anticipate any prejudice in a minor delay.  Defendants respectfully request until February 27, 2026 to respond to the Amended Complaint.  This is Defendants first request for leave to respond to the Amended Complaint.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By: _____
JILLIAN L. DINEHART (0086993)
EVAN N. ADEEN (0103171)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone:  (216) 912-3823
Fax:  (216) 344-9006
Email: jldinehart@mdwcg.com
          enadeen@mdwcg.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on February 19, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

MARSHALL DENNEHEY P.C.

By: _____

JILLIAN L. DINEHART (0086993)
*Counsel for Defendants*



208956898

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

ANTHONY DATTILO
    Plaintiff

Case No: CV-25-127931

Judge: JEFFREY P SAFFOLD

JOHN MAJOY, ET AL.
    Defendant

## <u>JOURNAL ENTRY</u>

DEFENDANTS' MOTION FOR LEAVE TO RESPOND TO AMENDED COMPLAINT, FILED 02/19/2026, IS GRANTED.

DEFENDANTS ARE GRANTED LEAVE TO MOVE, ANSWER OR OTHERWISE PLEAD TO PLAINTIFF'S AMENDED COMPLAINT UNTIL 02/27/2026.

IT IS SO ORDERED.

_____
    Judge Signature               02/23/2026

02/23/2026