IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ANTHONY DATTILO, | ) | CASE NO. 1:26-cv-00483 |
| | ) | |
| Plaintiff, | ) | JUDGE PAMELA A. BARKER |
| | ) | |
| v. | ) | **DEFENDANTS' BRIEF IN OPPOSITION** |
| | ) | **TO PLAINTIFF'S MOTION FOR LEAVE** |
| JOHN MAJOY, et al., | ) | **TO FILE SECOND AMENDED** |
| | ) | **COMPLAINT, INSTANTER** |
| Defendants. | ) | |
| | ) | |

NOW COME Defendants, John Majoy, Trevor Elkins, and Michael Marniella, by and through undersigned counsel, and hereby submit their Brief in Opposition to Plaintiff's Motion for Leave to File a Second Amended Complaint, Instanter. Plaintiff asks this Honorable Court to permit him to pile on the five additional causes of action and a Second Amended Complaint despite the fact that Plaintiff has not responded either of Defendants' two motions to dismiss. Rather than defend the adequacy of his existing claims, Plaintiff's response to scrutiny has been to continue amending, apparently hoping that volume will substitute for validity. It will not.

Under Civ.R. 15, courts should deny leave to amend where, as here, the proposed amendment would be futile—i.e., where the new claims could not survive a motion to dismiss. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Plaintiff's proposed new counts are legally deficient on their face and have been put forth with dilatory motive and in bad faith. Permitting amendment would only burden Defendants and the Court with claims that are doomed from the start.

I.      **STATEMENT OF THE CASE**

Plaintiff filed his original complaint in the Cuyahoga County Court of Common Pleas in November 2025, asserting a single count of malicious prosecution under Ohio common law. Defendants moved to dismiss as inadequately plead. Rather than oppose that motion, Plaintiff filed a First Amended Complaint that did not add the missing elements of the tort he had first raised, but added a Fourth Amendment claim under 42 U.S.C. § 1983. Defendants removed the case to this Court and moved to dismiss the Amended Complaint. Rather than oppose that Motion, Plaintiff filed the present Motion for Leave to file yet another amended complaint. Plaintiff does not plead that any of these actions are based on new facts or were not known to the Plaintiff at the time of filing in November. In fact, the proposed amended complaint refers to allegedly relevant admissions that were plead in an answer filed on August 5, 2025.  ECF 5-1, PageID 96. This is now the third complaint and the second motion to dismiss that Plaintiff has ignored. The pattern is clear: when faced with a substantive legal challenge to his pleadings, Plaintiff does not engage—he amends. This cycle of pleading and running has consumed months and substantial resources, and there is no reason to believe a third complaint will be any different unless the Court intervenes.

The proposed Second Amended Complaint seeks to add five new counts, all arising from Mayor Elkins' alleged creation of a website—anthonydattilo.com—that displays publicly available court records concerning Plaintiff, along with commentary thereon. Specifically, Plaintiff seeks to add: (1) malicious prosecution under 42 U.S.C. § 1983 against all Defendants; (2) Invasion of Privacy – False Light against Mayor Elkins; (3) Defamation against mayor Elkins; (4) a Civil Action for damages for a criminal act (telecommunications harassment); and (5) Intentional Infliction of Emotional Distress against Mayor Elkins.

2

This is not a balanced attempt to reach the merits of the claim.  This is yet another step in an endeavor intended to harass Newburgh Heights, and more specifically Mayor Elkins. Plaintiff's counsel has filed many claims against Newburgh Heights, some of which include:

- Karras v. Newburgh Heights (Cuyahoga County, CV-06-598369) – dismissed without prejudice after motion to amend was denied;
- Karras v. Newburgh Heights (Cuyahoga County, CV-07-640615) – dismissed with prejudice;
- George v. Newburgh Heights (Cuyahoga County, CV-10-738114) – dismissal with prejudice;
- Landberg v. Newburgh Heights Police Department (1:17-cv-00298) – dismissed;
- Karras v. Newburgh Heights (Cuyahoga County, CV-17-882176) – dismissed;
- Landberg v. Newburgh Heights (Cuyahoga County, CV-18-900433) – dismissed without prejudice while summary judgment was pending without opposition;
- Karras v. Newburgh Heights (Cuyahoga County, CV-18-906901) – Jury trial for Plaintiff, settled by Village, settlement repudiated, and judgment appealed by Mayor Elkins;
- Traore v. Councilwoman Michelle Graora (Cuyahoga County, CV-23-985682) – dismissed without prejudice;
- Molnar v. Newburgh Heights (Cuyahoga County, CV-24-107160) – pending trial; and
- Traore v. Newburgh Heights (Cuyahoga County, CV-25-118015) – pending motion to dismiss.

This case has been active for six months without progressing past the pleadings stage.  Plaintiff has filed two complaints and a proposed third, all on claims that Plaintiff alleges were ripe before this case was first filed.  Plaintiff is releasing his claims one by one in an attempt to waste the Defendants' resources and cause undue burden.  In addition, as set forth below, none of these

3

proposed claims can survive a motion to dismiss, and leave to file the second amended complaint should be denied.

## II.     LAW AND ARGUMENT

### A.  Legal Standard

While Civ.R. 15(a) instructs that leave to amend should be freely given; that directive is not a blank check. The Supreme Court has identified several grounds upon which courts may, and should, deny leave to amend, including futility of amendment, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, and undue prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Amendment is futile when the proposed amendment could not survive a motion to dismiss. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000). When proposed claims are futile on their face, courts should not hesitate to deny leave. See *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir.2005). A court must examine the *Foman* factors in light of the directive of Civ.R. 1 that the rules "are to be construed to secure the just, speedy, and inexpensive determination of every action." *Helms v. City of Green*, No. 5:06-CV-669, 2006 WL 8448477 (N.D. Ohio Dec. 28, 2006).

To determine undue prejudice, the Sixth Circuity requires that a court consider:

> whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

*Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir.1994). As set out below, undue delay, bad faith or dilatory motive and futility are all grounds to deny Plaintiff's Motion.  Although the case has not entered a discovery phase, Plaintiff's actions have required considerable resources on the

part of Defendants to contest claims that are poorly plead and purposefully delayed.  Poor pleading is not a reason to allow another amendment, especially considering the Civ.R. 1 directive for speedy and inexpensive litigation. *Torxel Mfg. Co. v. Schwinn Bicycle Co.*, 489 F.2d 968, 971 (6th Cir.1973).

Plaintiff's memorandum in support of his Motion devotes exactly two paragraphs to the legal standard and asserts, without analysis, that the proposed amendment would not be futile. He does not—because he cannot—explain how any of the five new claims would survive Rule 12(B)(6) scrutiny. This Court should assess the viability of the asserted claims and consider the bare motive of Plaintiff when ruling on the Motion for Leave to File a Second Amended Complaint.

### B.  Plaintiff's Piecemeal Disclosure of Claims is Evidence of Dilatory Motive and Bad Faith

Leave to amend may be denied on the basis of undue delay or dilatory motive, even absent a showing of prejudice. *Foman*, 371 U.S. at 182. Here, the instant record and history of litigation by Plaintiff's counsel speaks volumes.

Defendants filed a motion to dismiss the original complaint. Plaintiff did not respond and instead filed the First Amended Complaint, as was his right. However, the First Amended Complaint did not make any corrections to the pleadings, it only added a federal claim with the likely intent of inducing Defendants to the expense of removing the case. Defendants filed a Motion to Dismiss the First Amended Complaint[1]—raising the same insufficiency argument to Plaintiff's bare legal conclusions, the immunity defenses available to each Defendant, and defending the adequacy of a search warrant referenced in the First Amended Complaint.

---

[1] That Motion is presently pending before the Court unopposed.  ECF 3

Plaintiff's counsel possessed the search warrant he plead was violated by Newburgh Heights police, specifically by searching Plaintiff's entire phone.  Plaintiff's counsel cited that search warrant in *Molnar v. Newburgh Heights* when they sought to exclude the discovered text messages between Plaintiffs Dattilo and Molnar.  See attached motion to continue trial, filed in *Molnar v. Newburgh Heights*.  That motion, filed on October 6, 2025, details Mr. Dattilo's Fourth Amendment claim:

> "While further discovery is necessary to fully develop the facts, it is clear that Lieutenant Marniella and the Defendants grossly exceeded the scope of the warrant, seizing the entirety of Molnar and Dattilo's ten-month text message history without judicially approved probable cause.  Such an overreach and invasion of privacy was unauthorized and beyond the warrant's lawful authority."

*Molnar*, Cuy. Cty. CP CV-24-107160, Mtn. to Cont. Trial, p. 2 (Oct. 6, 2025)(attached as Ex A). Attorney Kevin Gross drafted this language a month before he filed suit on behalf of Mr. Dattilo, suspiciously without the claim he details in the excerpt above, and with plainly incomplete facts to support the legal conclusions made in his first claim for malicious prosecution.  Conceivably, Plaintiff strategically plead his Complaint to be a burden and intended for Defendants to file a motion to dismiss the woefully mis-plead complaint, strategizing to utilize Civ.R. 15's inherent leave for a first amended complaint to add delay and expense. The Sixth Circuit has articulated that the clock begins to run on an "undue delay" inquiry when the plaintiff is aware of "the basis of the claim." *Duggins v. Steak 'N Shake*, 195 F.3d 828 (6th Cir.1999). As this Court can see in the pending Motion to Dismiss (ECF 3), the subpoena is for the entire contents of Mr. Dattilo's phone – rendering the federal claim meritless, and only proving the point that Mr. Dattilo and his counsel were at the very least aware of his purported federal claim before the instant case was

filed. Plaintiff now seeks to file a third complaint with even more claims that were admittedly ripe before the suit was instigated.

Plaintiff has been on notice of Defendants' arguments for months. He has had ample time to formulate responses. He has chosen, again and again, to do anything but issue a response, and instead eke out additional claims without even bothering to correct the deficiencies of the claims that came before. This pattern is not coincidence. It is a legal strategy designed to keep Defendants continuously defending new pleadings and claims rather than standing behind his existing ones. This Court should not reward that strategy.

### C. The Proposed Amendments Are Futile Because Each new Clam Fails As A Matter Of Law

#### a. Count One: Ohio Common Law Malicious Prosecution

The allegations in Count One are substantially similar to the First Amended Complaint, but surprisingly, Plaintiff now pleads not just that the charges in the Common Pleas Court were dismissed, but they were dismissed because they were misdemeanors. This is not a dismissal that tends to prove innocence, in fact it implies a continued perception of guilt, just a want of jurisdiction. -ECF 5-1, PageID 90, ¶ 9. "A proceeding is 'terminated in favor of the accused' only when its final disposition indicated that the accused is innocent." *Daly v. Certo*, 2025-Ohio-293 (2nd Dist.), quoting *Ash v. Ash*, 72 Ohio St.3d 520 (1995) (internal quotations omitted). A "prosecution that is terminated by reason of a voluntary settlement or agreement of compromise with the accused is not indicative of guilt or innocence and, therefore, is not a termination in favor of the accused." *Id*. (internal quotations omitted). Moreover, "a termination of criminal proceedings in favor of the accused other than by acquittal is not a sufficient termination to meet the requirements of a cause of action for malicious prosecution if '(a) *the charge is withdrawn* or

7

the prosecution abandoned pursuant to an agreement of compromise with the accused[.]'" *Ash v. Ash*, 72 Ohio St.3d 520, 523 (1995), citing 3 Restatement of the Law 2d, Torts (1977), Section 660.

The prosecutions were neither finally terminated nor were they in favor of the Plaintiff as they were dismissals without prejudice.  Defendants incorporate the arguments raised in its Motion to Dismiss (ECF 3) for the remaining reasons why Count I fails – including a failure to plead intent and immunity.

### b.  Count Two: 42 U.S.C. § 1983 – Fourth Amendment

Defendants incorporate the arguments raised in their Motion to Dismiss for the reasons why Count Two fails as it has not been substantively amended.  The proposed amendment again fails to attach the subpoena for the Court to assess the scope Plaintiff alleges was violated.

### c.  Count Three: 42 U.S.C. § 1983 – Malicious Prosecution (Proposed)

Plaintiff's federal malicious prosecution claim fails for the same reasons as the existing claim Count Three repackages the same malicious prosecution allegations already asserted in Counts One and Two, but now invokes the federal constitutional hook of § 1983. The addition of a federal label does not remedy the underlying pleading deficiencies that Defendants have already identified in their pending Motion to Dismiss (ECF 3).

To state a malicious prosecution claim under § 1983, Plaintiff must allege that (1) a criminal prosecution was initiated against him, (2) Defendants made, influenced, or participated in the prosecution, (3) there was no probable cause for the prosecution, (4) Plaintiff suffered a deprivation of liberty aside from the initial seizure, and (5) the criminal proceeding was resolved in plaintiffs favor. See *Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010).

As Defendants' pending Motion to Dismiss establishes, Plaintiff's allegations failed to adequately plead lack of probable cause. Plaintiff waived his preliminary hearing—the very mechanism by which probable cause is tested—effectively conceding its existence. Moreover, a grand jury returned an indictment against Plaintiff on felony charges, which itself is evidence of probable cause. See Cuyahoga County Court of Common Pleas Case No. CR-24-696315-A. *Cook v. McPherson*, 273 Fed.Appx. 421, 423 (6th Cir.2008) citing *Barnes v. Wright*, 449 F.3d 709, 716 (6th Cir.2006); *Harris v. United States*, 422 F.3d 322, 327 (6th Cir.2005). Plaintiff alleges no facts to suggest the grand jury¶ proceedings were tainted or irregular. In fact, although the charges were dismissed from the Common Pleas Court, Plaintiff plead guilty to and was convicted of the same crime in the Garfield Municipal Court. Therefore, the case was not dismissed in favor of Plaintiff; it was dismissed and prosecuted at the Municipal Court. See Case No. CRB2500289A. To the extent Case No. CR-24-696377-A was not presented to a grand jury, the state requested to present the case directly to a grand jury, however, the charges were terminated per the request of the prosecutor before any such presentation could be made. See Cuyahoga County Court of Common Pleas Case No. CR-24-696377-A. Regardless, Plaintiff waived his preliminary hearing in the Garfield Municipal Court, effectively conceding the existence of probable cause. This claim also recycles the same conclusory allegations of malice that plagued the original complaint. Under *Twombly* and *Iqbal*, a bare recitation of elements unaccompanied by supporting facts does not state a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). Because Count Three suffers from the identical deficiencies identified in Defendants' existing Motion to Dismiss (ECF 3), its addition would be futile.

### d. Count Four: Invasion of Privacy – False Light Against Defendant Elkins (Proposed)

Count Four, False Light Invasion of Privacy, fails because the website publishes truthful public records protected by the First Amendment. Plaintiff claims that Mayor Elkins defamed him by publishing *anthonydattilo.com*,[2] a website that aggregates public court records and related public information about Plaintiff. ECF 5-1, PageID 96, ¶¶ 55-58. To state a false light invasion of privacy claim under Ohio law, a plaintiff must establish (1) that the defendant made a false and objectionable publication, (2) publicized it with knowledge of or in reckless disregard of its falsity, and (3) that a reasonable person would find the publication highly offensive. *Welling v. Weinfeld*, 113 Ohio St.3d 464 (2007). The false element is indispensable— and it is the element Plaintiff cannot satisfy here.

The proposed Second Amended Complaint itself makes clear that the website contains public court records, case numbers, and docket entries from courts across Cuyahoga County and beyond. Plaintiff was, in fact, convicted of first degree misdemeanor telecommunications harassment in 2025, as the website notes. See Garfield Municipal Court Case No. CRB2500289A. Plaintiff was, in fact, indicted on felony charges in 2024, as the website notes. See Cuyahoga County Court of Common Pleas Case No. CR-24-696315-A. These are public facts drawn from publicly available court records. Plaintiff does not allege falsity. Truth is an absolute defense to false light claims. A defendant who publishes accurate public records cannot be liable for placing a plaintiff in a "false light."

Plaintiff complains that the website presents this information in a manner that "mischaracterizes" and "editorializes" facts. ECF 5-1, PageID 98, ¶ 58. Opinion and editorial

---

[2] Plaintiff also alleges "tonyhiresprostitutes.com" supports the false light and defamation claims, but admits it is not available to the public.  ECF 5-1, PageID 96, ¶ 55.

commentary about public records, particularly concerning matters of public concern, enjoy First Amendment protection. See *Milkovich v. Lorain Journal Co.*, 497 U.S. 1 (1990). A mayor commenting on a constituent's lengthy public record of legal proceedings, using public docket information, is expressing opinion on a matter of legitimate public interest. That is precisely the sort of speech that the First Amendment was designed to protect, even when the subject of the commentary finds it unpleasant. Although the Plaintiff alleges there was editorial commentary, he does not allege facts to support that contention.

Because the content of the website is true and constitutionally protected, the false light claim is futile and the Motion should be denied.

### e. Count Five: Defamation (Proposed)

Count Five for Defamation fails for the same reasons. Ohio defamation requires (1) a false statement of fact; (2) that the statement was defamatory; (3) publication; (4) injury; and (5) the requisite degree of fault. *Am. Chem. Soc. v. Leadscope, Inc.*, 133 Ohio St.3d 366, 389 (2012). As with the invasion of privacy claim, this claim falls apart on the element of falsity. The website's core content consists of public court records, case numbers, charge descriptions, and disposition entries drawn from official court databases. These are, by definition, matters of public record and therefore true. One cannot defame someone by accurately reporting what is already in the public record.

To the extent Plaintiff takes issue with the tone or manner of presentation—the yellow headlines, the editorializing commentary—these are expressions of opinion that, under Ohio law and the First Amendment, are not actionable in defamation. See *Vail v. The Plain Dealer Pub.*

*Co.*, 72 Ohio St.3d 279 (1995). Bold yellow text and exclamation points are editorial styling, not false statements of fact. Therefore, the claim for defamation is futile and leave should be denied.

### f.  Count Six: Civil Action for Damages for Criminal Act Against Defendant Elkins (Proposed)

Count Six invokes R.C. § 2307.60(A)(1) to pursue civil damages predicated on the criminal offense of telecommunications harassment under R.C. § 2917.21. The theory is that Mayor Elkins committed telecommunications harassment by posting content to the website. This theory fails as a matter of law because the content at issue is protected speech about matters of public concern—not harassment. Telecommunications harassment under § 2917.21 requires that the defendant make a telecommunication "with purpose to abuse, threaten, or harass another person." R.C. § 2917.21(B)(2) similarly prohibits knowingly posting content online "for the purpose of abusing, threatening, or harassing another person." The statute is targeted at content designed to abuse, threaten, or harass—not at speech about matters of public concern.

It is worth noting the irony in this claim: Plaintiff himself was convicted of telecommunications harassment in 2025—the exact offense he now seeks to pin on Mayor Elkins. The website *anthonydattilo.com* publishes public court records. Whatever Plaintiff may think of the editorial presentation, a website cataloging publicly available legal proceedings is not the type of conduct the telecommunications harassment statute was designed to reach. The statute requires criminal purpose. Publishing truthful public records, even critically, is constitutionally protected speech, not criminal harassment. Plaintiff's proposed Second Amended Complaint offers no facts to support the conclusory assertion that Mayor Elkins published the website with purpose to abuse, threat and, or harass as opposed to, say, inform his

constituents about an individual who has had repeated conflict with the law. If anything, posting public records online is exactly the kind of speech protected by the First Amendment.

### g.  Count Seven: Intentional Infliction of Emotional Distress Against Defendant Elkins (Proposed)

To state a claim for intentional infliction of emotional distress ("IIED") under Ohio law, Plaintiff must plead that (1) Mayor Elkins intended to cause emotional distress or knew that his conduct was would cause serious emotional distress; (2) Mayor Elkins' conduct was extreme and outrageous; (3) the conduct was the proximate cause of Plaintiff's injuries; and (4) Plaintiff suffered serious emotional distress. *Marconi v. Savage,* 2013 -Ohio- 3805 (8th Dist.). The extreme and outrageous standard is a high bar and Plaintiff does not come close to it.

Plaintiff's  IIED claim consists of precisely the kind of formulaic resuscitation that *Twombly* and *Iqbal* condemn. Paragraphs 85 through 90 of the proposed Second Amended Complaint (ECF 5-1, PageID 103-104) do little more than recite the elements of IIED and attach the words "intentionally," "purposely," "knowingly," "willfully," and "recklessly" to a description of website content. There are no factual allegations describing what severe emotional distress Plaintiff actually suffered, how he manifested it, or what specific conduct—beyond the creation of a website displaying public records—rose to the level of extreme and outrageous behavior.

Moreover, the Supreme Court has made clear that speech on matters of public concern relating to a public figure—even speech that is hurtful—is constitutionally protected and cannot form the basis of an IED claim. *Snyder v. Phelps*, 562 U.S. 443 (2011). Plaintiff, a vocal critic of Village governance who has repeatedly litigated against the Village and its officials, is at minimum a limited-purpose public figure. *Kassouf v. Cleveland Magazine City Magazines*, 142

13

Ohio App.3d 413 (11th Dist. 2001). The content that issue—his public court records—is manifestly a matter of public concern. The First Amendment bars an IIED claim premised on this type of protected speech. Finally, even if Plaintiff is embarrassed of his criminal convictions, such embarrassment cannot support a claim for IIED. *Knox v. Hetrick*, 2009-Ohio-1359 (8th Dist.); *Miller v. City of Xenia*, 2002-Ohio-1303 (2nd Dist.).

### III.   CONCLUSION

Plaintiff's memorandum in support of his Motion for Leave is bare. It consists largely of the observation that no scheduling order has been entered and discovery has not commenced—and therefore, according to Plaintiff, Defendants will not be prejudiced by the amendment. But the absence of prejudice, standing alone, does not mandate that leave be granted. Foman expressly identifies futility as an independent ground for denying leave, entirely apart from prejudice. *Foman v. Davis*, 371 U.S. 178, 182 (1962). See also *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir.2003). Plaintiff cites *Duggins v. Steak 'N Shake*, 195 F.3d 828 (6th Cir.1999) for the proposition that "delay alone" is insufficient to bar amendment. However, courts take into consideration the extent of the delay. The longer the period of unexplained delay, the lesser the burden to demonstrate prejudice. *Ketter v. City of Newark*, No. 04-cv-00550, 2008 WL 11453690 (S.D. Ohio Jul. 25, 2008). In this case, there has been a delay of six months with no end in sight. Here, the problem is not just delay. It is that the delay is purposeful, that the amendment have not corrected the deficiencies pointed out in both motions to dismiss, and that each one of the five proposed new claims is legally deficient. The fact that no scheduling order has been entered does not transform a futile claim into a viable one, nor does it allow a Plaintiff to act with impunity to harass. Defendants would be prejudiced—and the Court's resources would be wasted—by being forced to brief and argue motions to dismiss claims that should

14

never have been filed and represent only state claims that should have been brought when this case was in state court.

For the foregoing reasons, Defendants, John Majoy, Trevor Elkins, and Michael Marniella, respectfully request that this court deny Plaintiff's Motion for Leave to File a Second Amended Complaint.

Respectfully submitted,

MARSHALL DENNEHEY P.C.

By:_____

JILLIAN L. DINEHART (0086993)
127 Public Square, Suite 3510
Cleveland, Ohio 44114
Phone: (216) 912-3823
Fax: (216) 344-9006
Email: jldinehart@mdwcg.com
*Counsel for Defendants*

15

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

MARSHALL DENNEHEY P.C.

By:_____

JILLIAN L. DINEHART (0086993)
*Counsel for Defendants*