**Motion No.**  5288243



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

# Court of Common Pleas

**MOTION TO...**
**October 6, 2025 23:59**

By: KEVIN MARK GROSS 0097343

Confirmation Nbr. 3636983

SUZANNE MOLNAR

    vs.

VILLAGE OF NEWBURGH HEIGHTS, ET AL.

CV 24 107160

**Judge:**  JEFFREY P. SAFFOLD

**Pages Filed:**  6

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| SUZANNE MOLNAR, | ) | CASE NO. CV-24-107160 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY P. SAFFOLD |
| | ) | |
| v. | ) | **PLAINTIFF'S EMERGENCY** |
| | ) | **MOTION TO CONTINUE THE** |
| VILLAGE OF NEWBURGH | ) | **OCTOBER 20, 2025 TRIAL AND FOR** |
| HEIGHTS, *et al.*, | ) | **AN EXTENSION OF TIME TO** |
| | ) | **CONDUCT DISCOVERY** |
| Defendants. | ) | |

Now comes Plaintiff Suzanne Molnar, by and through undersigned counsel, and respectfully requests that this Honorable Court grant this Emergency Motion to Continue the Trial and for an Extension of Time to Conduct Discovery into Defendants Village of Newburgh Heights and Mayor Trevor Elkins' voluminous production of text messages two weeks before trial.

## I.    INTRODUCTION

On the Sunday evening before trial materials were due—including exhibit and witness lists, motions in *limine*, and trial briefs—the Defendants produced 582 pages of text messages for the first time. The last-minute timing and sheer volume of this production strongly indicate an attempt to surprise and prejudice Molnar, constituting the very type of "trial by ambush" that Ohio's discovery rules are expressly designed to prevent.

Molnar respectfully requests a continuance of the trial scheduled for October 20, 2025, to allow sufficient time to investigate Defendants' knowledge of and reliance on the text messages through written discovery and depositions. The timing of the production

1

has left Molnar with no opportunity to investigate and prepare, making a continuance essential to ensure a fair trial. Conversely, the Defendants have possessed these messages for at least five months, giving them ample time to review, analyze, and prepare.

Even more shocking is the abuse of power the Defendants exercised to obtain these messages by warrant in an unrelated criminal case for exclusive use in this civil case. Following his complaint to the Newburgh police alleging telecommunications harassment, Mayor Elkins' allegations led to the filing of charges against one Anthony Dattilo in Garfield Heights Municipal Court on March 4, 2025. Concurrently, Molnar was suing Mayor Elkins in this action for aiding and abetting the Newburgh's discriminatory and harassing actions. Newburgh police seized Dattilo's cell phone upon his arrest and Lieutenant Michael Marniella sought and obtained a judicial search warrant authorizing the seizure of evidence of telecommunications harassment, specifically, "any communications between Anthony Dattilo and Mayor Trevor Elkins."

While further discovery is necessary to fully develop the facts, it is clear that Lieutenant Marniella and the Defendants grossly exceeded the scope of the warrant, seizing the entirety of Molnar and Dattilo's ten-month text message history without judicially approved probable cause. Such an overreach and invasion of privacy was unauthorized and beyond the warrant's lawful authority. Worse, Lieutenant Marniella and the Defendants unlawfully extracted the text messages solely for use in this civil litigation, even though Judge Comstock had authorized the search solely for evidence concerning Mayor Elkins as the alleged victim of Dattilo's phone harassment.

Dattilo's criminal defense attorney, Leslie Johns, confirmed that she and her client "did not receive those [Dattilo-Molnar texts] in discovery. This was not part of our case." And here, in Molnar's civil case, Dattilo is not identified anywhere in Defendants' initial disclosures or written interrogatory responses. Civ.R.26(3)(a) ("without awaiting a discovery request, a party must provide to the other parties * * * i. the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of that information - that the disclosing party may use to support its claims or defenses).

The Defendants' disregard for the civil rules' mandatory disclosure requirements, coupled with their misuse of the criminal process to obtain evidence for defending against Molnar's legitimate civil claims, warrants the Court granting this Motion to remedy these inequities and ensure a fair and balanced trial.

## II.  LAW AND ARGUMENT

Generally speaking, "[t]he Fourth Amendment requires that a search warrant describe the things to be seized with sufficient particularity to prevent a 'general, exploratory rummaging in a person's belongings.'" *Voss v. Bergsgaard*, 774 F.2d 402, 404 (10th Cir. 1985) (quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 467 (1971)). A warrant is sufficiently particular when "it enables the searcher to reasonably ascertain and identify the things authorized to be seized." *United States v. Leary*, 846 F.2d 592, 600 (10th Cir. 1988). As applied to electronic files, a warrant must be "affirmatively limit[ed] * * * to evidence of specific [] crimes or specific types of material." *United States v. Riccardi*, 405

F.3d 852, 862 (10th Cir. 2005) (holding that a warrant that neither limited the types of files to be searched nor specified particular crimes was overbroad).

Although this is not a criminal case, it involves claims against the government, and Molnar respectfully requests a continuance of the trial and reopening of discovery to thoroughly investigate how the Defendants obtained the Dattilo–Molnar text messages. The Defendants' misuse of the Dattilo warrant is relevant and highly probative of pretext for age discrimination. Indeed, they were unconstitutionally seeking evidence to use in their civil defense, improperly doing so in the midst of ongoing litigation. Additionally, discovery should be reopened to allow Molnar to fully investigate whether her constitutional or statutory rights were violated. If such violations occurred, principles of *res judicata* require that she assert her 42 U.S.C. § 1983 or other civil rights claims within this proceeding. Molnar respectfully requests that opportunity in light of the Defendants' 48-hour old disclosure of the text messages.

Finally, Molnar requested production of all documents the Defendants intended to use in their defense. Yet these texts were not produced, no privilege log was ever served, and Dattilo's name is conspicuously absent from their responses. Defendants simply never identified Dattilo as a person with knowledge relevant to one or any of their defenses.

4

Respectfully submitted,

/s/ Kevin M. Gross
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
Taylor S. Ronnebaum (0105131)
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
P: (216) 514-6400 F: (216) 514-6404
Email: lawsmatter2@gmail.com
      kgross@zipkinwhiting.com
      tronnebaum@zipkinwhiting.com

*Counsel for Plaintiff Suzanne Molnar*

## CERTIFICATE OF SERVICE

A true and correct copy of the *Plaintiff's Emergency Motion to Continue the October 20, 2025 Trial and for an Extension of Time to Conduct Discovery* was served via the Court's CM/ECF system on October 6, 2024, upon all parties and counsel of record.

Respectfully submitted,

/s/ Kevin M. Gross
Lewis A. Zipkin (0030688)
Kevin M. Gross (0097343)
Taylor S. Ronnebaum (0105131)

*Counsel for Plaintiff Suzanne Molnar*